IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-CV-2958-RPM

**KATHERINE COCHELL,**

      **Plaintiff,**

v.

**HARRISON SCHOOL DISTRICT NO. 2,
CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLORADO,**

      **Defendant.**

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential, personal information or information which will improperly annoy, embarrass, or oppress parties to this lawsuit or any, witness or non-party in this case, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. When used in this Stipulated Protective Order, "Document" means those documents related to Plaintiff Katherine Cochell's tax, personnel or medical records, personnel or medical information regarding current or former employees of Defendant Harrison School District No. 2 (hereinafter referred to as Defendant or "School District"), information regarding Defendant's current and former students, and information regarding Defendant's financial data,

that either party makes available pursuant to Fed. R. Civ. P. 26, or in response to Requests for Production or Interrogatories, or any other discovery request.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) current and/or former School District employees, including Plaintiff, and (b) current and former School District students. Confidential information may include, without limitation, personnel records, student records, tax records, financial and medical records and personal information related to the Plaintiff, Defendant, current and former School District students, and other current or former School District employees. See, e.g., 22 U.S.C. § 1232 g and 34 C.F.R. § 99.3 (prohibiting an educational institution from disclosing personally identifiable information regarding students); Colo. Rev. Stat. § 24-72-204(3)(a)(II)(A) (prohibiting a public entity from disclosing personnel records). Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case and any related litigation or proceedings involving the parties to this lawsuit.

4. Confidential Documents, materials, and/or information (collectively "Confidential information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for the Defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents and witnesses; and

    (h) other persons by written agreement of the parties.

  5. Confidential information will not be copied or retained by any person other than the parties' counsel, subject to Paragraph 10 below. If any Confidential information is provided to the persons listed in Paragraph 4(c),(d),(g) or (h) above, at the close of litigation such persons will either return the Confidential information to counsel who provided it or will provide written notification that the confidential material has been destroyed. No party receiving Confidential information shall disclose it or its contents to any person other than those described in paragraph 4, and in no event shall such party make any use of such document other than for the purpose of this litigation.

  6. A person given access to Confidential information under the terms of Paragraphs 4(c),(d),(g) or (h) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Stipulated Protective Order and has signed an acknowledgment in the form attached hereto as "Exhibit A." Executed copies of "Exhibit A" shall be maintained by counsel for the party disclosing the Confidential information to the persons permitted in Paragraphs 4(c),(d),(g) or (h) of this Order. At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph

be provided to that party. Such copies shall be provided within ten (10) calendar days after receipt of the written request.

7.  If Confidential information is filed with the Court, the parties shall seek leave to file such materials under seal pursuant to Local Rule 7.2, or with appropriate redactions made.

8.  Documents are designated as Confidential by either placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or by informing opposing counsel in writing of any documents to be treated as Confidential and subject to this protective order. All personnel records, tax and financial records, medical records and student records will be deemed confidential regardless of whether they contain a "CONFIDENTIAL" stamp. Where only a portion of a designated document can fairly be designated "CONFIDENTIAL," only such portion shall be so designated.

9.  Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion

11.     At the conclusion of this case, unless other arrangements are agreed upon, each Document, all copies thereof, or any summary of documents containing Confidential information, other than attorney work product, which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties elect to destroy Confidential information, the destroying party shall provide all parties with written notice confirming the destruction.

12.     In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Stipulated Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

13.     This Stipulated Protective Order shall not prejudice the rights of, or prevent, any party from:

    (a)     Objecting on any valid ground to the production of any Document;

    (b)    Objecting to the offer or introduction of any Document into evidence on any valid ground at the time such Document is offered;

    (c)    Redacting Confidential information from any Document;

    (d)    Seeking other protection from the Court concerning any Document.

14. The use at any hearing or at trial of any Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence.

15. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 30 day of June, 2011.

                                                      _____
                                                      Hon. United States District Court Judge Richard P. Matsch

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-CV-2958-RPM

**KATHERINE COCHELL,**

    **Plaintiff,**

v.

**HARRISON SCHOOL DISTRICT NO. 2,**
**CITY OF COLORADO SPRINGS,**
**COUNTY OF EL PASO, COLORADO,**

    **Defendant.**

## ACKNOWLEDGMENT

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the United States District Court for the District of Colorado, on _____, 2011, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

Dated: _____

                                                                   Name: _____

Sworn to and subscribed before me
This \_\_ day of _____, 20\_\_ .

                                                                   Notary Public

My Commission Expires:

2815997.3